United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   LORENZO SMITH,                          No. C-11-5652 TEH (PR)

12              Petitioner,                   ORDER DENYING PETITION FOR WRIT
                                              OF HABEAS CORPUS; DENYING
13        v.                                  CERTIFICATE OF APPEALABILITY

14   MATTHEW CATE, Secretary of the
     California Department of
15   Corrections and Rehabilitation,

16              Respondent.

17   _____/

18

19        Petitioner filed a _pro se_ petition for a writ of habeas

20   corpus pursuant to 28 U.S.C. § 2254 in which he claimed that his due

21   process rights were violated when the Board of Parole Hearings

22   ("BPH") found him not suitable for parole on May 7, 2009, and when

23   the BPH applied the current version of Cal. Penal Code

24   § 3041.5(b)(3) in scheduling Petitioner's next parole hearing.

25   Recent decisions from the U.S. Supreme Court and the Ninth Circuit

26   Court of Appeals require that this petition be summarily denied.

27   //

28   //

I

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 861 (2011) (per curiam) (citations omitted).

Petitioner's first claim relates to the denial of parole on May 7, 2009.  He argues that there was insufficient evidence for the parole board to conclude that he lacked insight and remorse (Doc. #1 at 21), that the denial of parole discriminated against him solely based on his developmental handicap (Doc. #1 at 25), that the parole board arbitrarily and capriciously excluded relevant evidence from his board hearing (Doc. #1 at 26), that he was provided ineffective assistance of counsel at his parole hearing (Doc. #1 at 29), and that the denial of parole was not based on sound reasoning and some evidence (Doc. #1 at 29).

In 2011, the Supreme Court held that, for purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination.  The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment are limited to an opportunity to be heard and a statement of the reasons why parole was denied.  <u>Swarthout</u>, 131 S. Ct. at 862. The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," and the Ninth Circuit erred in holding otherwise.  <u>Id.</u> at 862 & 863.

2

United States District Court
For the Northern District of California

In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that there be some evidence (or any other amount of evidence) to support the parole denial, Petitioner's claim for habeas relief based on the parole denial is without merit. Petitioner was provided an opportunity to be heard at his May 7, 2009 hearing and a statement of the reasons why parole was denied, <u>see</u> Doc. #1, Exh. C, and has therefore received the procedural protected required by the Due Process Clause of the Fourteenth Amendment.

Petitioner's second claim is that the BPH violated his rights to due process by scheduling his next parole hearing in accordance with the current version of Cal. Penal Code § 3041.5(b)(3). Petitioner was sentenced in 1982. Doc. #1 at 5. At that time, Section 3041.5(b)(2) provided that parole hearings were to be held annually, with deferrals of two or five years allowed under certain circumstances. <u>See</u> Cal. Penal Code § 3041.5(b)(2) (2008). In 2008, Proposition 9 significantly amended Section 3041.5(b) and changed the law governing deferral periods. The default deferral period was increased from one year to fifteen years, the minimum deferral period was increased from one year to three years, and the maximum deferral period was increased from five years to fifteen years. <u>See</u> Cal. Penal Code § 3041.5(b)(3). At the May 7, 2009 parole hearing, BPH decided on a ten-year denial of parole for Petitioner. Doc. #1, Exh. C at 108. Petitioner argues that the application of the amended Section 3041.5(b)(3) in scheduling his next parole hearing violates the Ex Post Facto Clause

3

by changing his parole eligibility.

        The Ninth Circuit has recently addressed this argument in <u>Gilman v. Schwarzenegger</u>, 638 F.3d 1101 (9th Cir. 2011) and found it without merit.  The Ninth Circuit found that because Section 3041.5(b)(4)[1] allowed the parole board to, in its discretion, advance the next parole hearing to an earlier date, the amended Section 3041.5(b) did not create a significant risk of prolonging a prisoner's incarceration, and therefore did not violate the Ex Post Facto clause.  <u>Gilman</u>, 638 F.3d at 1108-11 (also noting that the Board may decide <u>sua sponte</u> to hold an advance hearing or do so at the request of a prisoner, and that the Board's decision to deny a prisoner's request for an advance hearing is subject to judicial review).  Accordingly, this Court finds that Petitioner's second claim also fails to state a claim for habeas relief.

                                II

        For the reasons set forth above, Petitioner's petition for a writ of habeas corpus is DENIED.  Further, a certificate of appealability will not issue because Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529

---

        [1]Cal. Penal Code § 3041.5(b)(4) provides: "The board may in its discretion, after considering the views and interests of the victim, advance a hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner provided in paragraph (3)."

United States District Court
For the Northern District of California

U.S. 473, 484 (2000).

The Clerk is directed to terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED      _04/10/2012_

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.11\Smith-11-5652-summary denial-cooke.wpd

**United States District Court**
For the Northern District of California

5